IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 2:07-cr-062-MEF |
| | ) | (WO) |
| FREDERICAS JILES | ) | |

## **O R D E R**

On May 28, 2007, the defendant filed an Unopposed Motion to Continue Trial (Doc. #13). While the granting of a continuance is left to the sound discretion of the trial judge, *United States v. Warren*, 772 F.2d 827, 837 (11th Cir. 1985), the court is, of course, limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Speedy Trial Act provides generally that the trial of a defendant in a criminal case shall commence within 70 days of the latter of the filing date of the indictment or the date the defendant appeared before a judicial officer in such matter. 18 U.S.C. §3161(c)(1). *See United States v. Vasser*, 916 F.2d 624 (11th Cir. 1990).

The Act excludes from this 70 day period any continuance that the judge grants "on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(8)(A).

The motion states that additional investigation is needed to prepare a defense in this case, including examination of some store video recordings which defense counsel has not yet obtained, interviews of witnesses to the events of July 8, 2006, and review of court records relating to defendant's prior criminal record. Defense counsel states that it is possible

that motions to suppress will be filed and if such motions are appropriate, they cannot be heard and resolved before the trial term of July 9, 2007. Defendant is presently in the custody of the Alabama Department of Corrections with a release date of 2011. Counsel for the government does not oppose a continuance. Consequently, the court concludes that a continuance of this case is warranted and that the ends of justice served by continuing this case outweighs the best interest of the public and the defendant in a speedy trial. *See United States v. Davenport*, 935 F.2d 1223, 1235 (11th Cir. 1991)(reasonable time necessary for effective preparation is a significant factor for granting a continuance under the Speedy Trial Act).

Accordingly, it is hereby ORDERED:

1. That the defendant's motion filed on May 28, 2007 is GRANTED;

2. That the trial of this case is continued from the July 9, 2007 trial term to the October 15, 2007 trial term.

3. That the Magistrate Judge conduct a pretrial conference prior to the October 15, 2007 trial term.

DONE this the 30th day of May, 2007.

                                                         /s/ Mark E. Fuller
                                              CHIEF UNITED STATES DISTRICT JUDGE