IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No.: 2:07-cr-62-MEF |
| | ) | |
| FREDERICAS JILES | ) | |

### MOTION IN LIMINE TO EXCLUDE EXPERT TESTIMONY

**COMES NOW** the defendant, Fredericas Jiles, by and through undersigned counsel, Joseph P. Van Heest, and hereby moves this Court for an order on a preliminary question of admissibility pursuant to Rule 104(a), Fed. R. Evid. In particular, Mr. Jiles requests that this Court exclude any hearsay testimony from any law enforcement agent disguised as expert opinion evidence, as such violates the Sixth Amendment right to Confrontation, and Rules 702 and 803 of the Federal Rules of Evidence.

In particular, the defense anticipates that the government will seek to elicit evidence regarding supposed "expert" testimony as to "interstate nexus," including but not limited to testimony by ATF Agent Theron Jackson or another agent.

According to Rule 104(a), Fed. R. Evid., preliminary questions concerning admissibility of evidence shall be determined by the trial court. Therefore, Mr. Jiles requests that this Court make a preliminary determination that the type of evidence identified above would be inadmissible at the trial of Mr. Caldwell, and further requests that this Court direct government counsel not to offer or elicit any such evidence from any government witnesses, or to make any reference to any such evidence in opening statement or closing argument.

The proposed testimony of Agent Jackson is not admissible expert testimony.

Pursuant to Rule 702, Fed. R. Evid., "*if* scientific, technical, or other *specialized* knowledge *will assist* the trier of fact to understand the evidence or to determine a fact in issue" then a witness qualified as an expert may testify thereto in the form of an opinion or otherwise. (emphasis added). Agent Jackson is expected to that he has been trained, and has some experience, in the *identification* of different firearms as to their make, model and manufacturer. Then, through inadmissible hearsay information provided in different publications, or conversations he has had with different persons not present to testify, Agent Jackson will claim to be familiar with the place of manufacture of the specific firearm alleged to have been possessed by Mr. Jiles and identified in the indictment. However, the *place* of manufacture of a firearm is a *factual* matter, and not one appropriate for purported "opinion" testimony based simply on hearsay information. Instead, such a factual matter should be proved by the testimony of a representative of the manufacturer of the firearm. Putting forth a supposed "expert" in the form of Agent Jackson is merely an attempt by the government to avoid putting on proper and admissible factual evidence.

There is certainly nothing scientific, technical, or otherwise "specialized" in the assertions which Agent Jackson is expected to make that a Taurus Model PT101 AF, .40 caliber pistol is manufactured in Brazil; that the firearm was not manufactured in the state of Alabama; and thus by being present in Alabama, it must have "traveled in / or affected interstate commerce." That type of testimony is clearly not proper "expert" testimony under Rule 702, Fed. R. Evid. Instead, it is merely a law enforcement officer asserting facts obtained as a result of hearsay information, and then forming and stating a legal conclusion which the jury is required to reach in this case, since the "interstate nexus" is

a required jurisdictional element of the offense in question. *See* 11th Cir. Crim. Jury Instructions, Offense Instructions § 30.6 (It is not necessary for the Government to prove that the Defendant knew that the firearm had moved in interstate commerce before the Defendant possessed it, *only that it had made such movement*. (Emphasis added)).

In *Daubert v. Merrell Dow Pharmaceuticals*, 590 U.S. 914 (1993), the Supreme Court found that under Rule 702, the evidence must amount to "scientific knowledge" and must assist the trier of fact to understand or determine a fact in issue. The rule of admissibility set forth in *Daubert* applies not only to expert testimony based on "scientific" expertise, but to all purported expert testimony. *Kumho Tire Co. Ltd. v. Carmichael*, 526 U.S. 137, 147, 119 S.Ct. 1167, 1174 (1999). It is obvious that Agent Jackson's testimony which forms the basis of his supposed expert opinion is not based on either "scientific knowledge" or any other technical or other "specialized knowledge." Rather, it is based simply upon looking at a book or telephoning a manufacturer's headquarters.

Furthermore, the testimony of Agent Jackson is also inadmissible under Rule 702 because it will not assist the trier of fact, that is the jury, to understand the evidence or to determine a fact in issue. The government should be able to offer proper, admissible evidence in this case establishing the place of manufacture of the firearm in question. If that evidence shows the place of manufacture was outside Alabama, then the jury has sufficient common sense and intelligence to determine that the firearm must have traveled at some point in time from outside Alabama into Alabama without Agent Jackson having to tell them that.

The supposed "opinion" of Agent Jackson that if such a firearm was received and

3

/ or possessed in the state of Alabama, it traveled in and affected interstate commerce, does not tell the jury anything it could not already determine on its own. Thus, if the proposed opinion testimony would not assist the trier of fact to understand or determine a fact in issue, it is inadmissible under Rule 702 for that reason as well. *See United States v. Smith*, 122 F.3d 1355, 1358 (11th Cir. 1997) (expert testimony is properly excluded when it is not needed to clarify facts and issues of common understanding which jurors are able to comprehend themselves." (Citations omitted)). In *United States v. Evans*, 910 F.2d 790 (11th Cir. 1990), *aff'd* 504 U.S. 255 (1992), the trial court did not permit testimony of a supposed expert regarding linguistics, and the appellate court found that the trial court was within its discretion in concluding that the matters about which such an expert would testify were not beyond the jury's general knowledge. *Id.* at 803.

Additionally, *Crawford v. Washington*, 541 U.S. 36, 124 S.Ct. 1354 (2004), requires that before testimonial evidence can be elicited in a criminal trial, the Sixth Amendment demands unavailability and a prior opportunity for cross examination. *Id.* at 68, 124 S.Ct. at 1374. The Confrontation Clause of the Sixth Amendment requires that out of court statements that are testimonial are barred, unless the defense has had the opportunity to cross examine the witness. Therefore, the statements read in a journal or book or made to a law enforcement agent by a representative of the firearm manufacturer, cannot be admitted simply because they are deemed reliable under the Federal Rules of Evidence.[1]

---

[1] While the Eleventh Circuit, in *United States v. Floyd*, 281 F.3d 1346, 1349 (11th Cir. 2002), upheld the admission of a government "expert's" testimony to establish the interstate nexus requirement for convictions under 18 U.S.C. § 922(g), where the expert simply examined ammunition and consulted a catalog, the *Floyd* case pre-dates *Crawford v. Washington*, 541 U.S. 36 (2004), and would have been analyzed under the hearsay rules rather than the Confrontation Clause analysis set forth in *Crawford*.

4

Such statements, being testimonial in nature, must be offered in a manner in which the defendant in a criminal case can confront the evidence and meaningfully cross examine the declarant.

WHEREFORE, for the reasons set forth above, the defense moves to exclude any opinion testimony from Agent Theron Jackson or any other law enforcement agent as to the interstate nexus element of the charged offense, as violative of Rules 702 and 803 of the Federal Rules of Evidence, and the Confrontation Clause of the Sixth Amendment to the United States Constitution.

Dated this 15th day of September, 2007.

Respectfully submitted,

s/Joseph P. Van Heest
**JOSEPH P. VAN HEEST**
LAW OFFICE OF JOSEPH P. VAN HEEST, LLC
Post Office Box 4026
402 South Decatur Street
Montgomery, AL 36103-4026
Phone: (334) 263-3551
Fax: (334) 263-3227
jpvanheestcourts@bellsouth.net
AL Bar Code: VAN026

## CERTIFICATE OF SERVICE

    I hereby certify that on September 15, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Kent B. Brunson, Esq., Assistant U. S. Attorney, PO Box 197, Montgomery, Alabama 36101-0197.

    Respectfully submitted,

s/Joseph P. Van Heest
**JOSEPH P. VAN HEEST**
LAW OFFICE OF JOSEPH P. VAN HEEST, LLC
Post Office Box 4026
402 South Decatur Street
Montgomery, AL 36103-4026
Phone: (334) 263-3551
Fax: (334) 263-3227
jpvanheestcourts@bellsouth.net
AL Bar Code: VAN026