UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No.: 2:07-cr-62-MEF |
| ) | |
| FREDERICAS JILES ) | |

**MOTION IN LIMINE TO PROHIBIT THE GOVERNMENT FROM
INTRODUCING ANY EVIDENCE OR TESTIMONY
REGARDING ALLEGATIONS OF OTHER CRIMINAL ACTIVITY**

**COMES NOW** the defendant, Fredericas Jiles, by and through undersigned counsel, and hereby moves *in limine* for an Order directing the United States, its attorneys and its witnesses, to refrain from placing any statement, argument, evidence or testimony before the jury concerning allegations of other criminal activity, both charged and uncharged, by Mr. Jiles. In support of this motion in limine, Mr. Jiles states the following:

The government has provided statements in discovery of the facts and circumstances surrounding Mr. Jiles's arrest in the instant case as well as allegations of other criminal conduct, some of which was charged and some of which remains uncharged.

Unrelated Charged Conduct

On the date Mr. Jiles is alleged to have possessed the Taurus handgun charged in the indictment, he was charged with harassment for throwing a lamp in the direction of Police Officer K.L. Jacks. While not completely clear from the discovery, it appears he entered a guilty plea to that misdemeanor charge.

On the same date, while Mr. Jiles was being taken into custody, two small bags of what appeared to be crack cocaine were located along the path where the police had

followed him to take him into custody. Mr. Jiles was charged with possession of a controlled substance in Montgomery County Circuit Court and entered a guilty plea. He was sentenced to a term of 15 years imprisonment and presently is in Montgomery on a writ from the Alabama Department of Corrections.

The charged criminal activity has nothing to do with the allegation of possession of a firearm by a convicted felony. Admission of testimony or evidence concerning these offenses would be utterly irrelevant to the instant charge. See Fed. R. Crim. P. 402 (evidence which is not relevant is not admissible) Additionally, such evidence would mislead the jury, confuse the issues, and be of no probative value and have a significant prejudicial value. Additionally, admission of such evidence would (1) unfairly prejudice the defendant; (2) mislead the jury; (3) confuse the issues before the jury. Fed. R. Crim. P. 404 Finally, to allow such evidence or testimony would be to elicit bad character testimony against the defendant contrary to the prohibition set forth in Fed. R. Crim. P. 405. Accordingly, evidence or testimony related to these events, not being necessary or related to the prosecution of the instant charge, should be precluded at trial.

Unrelated Uncharged Conduct

The discovery also contains supplemental police reports from the Montgomery Police Department regarding other, uncharged criminal activity. Additionally, Jonathan Hampton, who is expected to testify for the government, has made statements which are contained in the discovery alleging Mr. Jiles's involvement in an attempted murder and a murder in or about May 2006. Mr. Jiles has not been charged in either case. Hampton also alleges he has seen Mr. Jiles in possession of an assault rifle, and claims a connection between the assault rifle and the shootings with which Mr. Jiles is not charged.

The government does not allege that Mr. Jiles possessed the handgun charged in the indictment at the time of, or in connection with, the alleged other criminal activity. The uncharged criminal activity has nothing to do with the charged offense and would be utterly irrelevant to the instant charge. *See* Fed. R. Crim. P. 402 (evidence which is not relevant is not admissible) Additionally, admission of such evidence would (1) unfairly prejudice the defendant; (2) mislead the jury; (3) confuse the issues before the jury; and (4) amount to bad character evidence against the defendant which is prohibited pursuant to Fed. R. Crim. P. 404 & 405.

WHEREFORE, for the reasons set forth above, the defendant prays that this Honorable Court will order the government, through its attorneys and witnesses, to refrain from offering any statement, argument, evidence or testimony concerning drug possession, harassment, possession of any other assault rifles, or involvement in any shootings or murders, as such acts are irrelevant to the charge of having previously possessed a firearm while being a convicted felony.

Dated this 24th day of September, 2007.

Respectfully submitted,

s/Joseph P. Van Heest
**JOSEPH P. VAN HEEST**
LAW OFFICE OF JOSEPH P. VAN HEEST, LLC
Post Office Box 4026
402 South Decatur Street
Montgomery, AL 36103-4026
Phone: (334) 263-3551
Fax: (334) 263-3227
jpvanheestcourts@bellsouth.net
AL Bar Code: VAN026

## CERTIFICATE OF SERVICE

     I hereby certify that on September 24, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Kent B. Brunson, Assistant United States Attorney.

                                              Respectfully submitted,

                                              s/Joseph P. Van Heest
                                              **JOSEPH P. VAN HEEST**
                                              LAW OFFICE OF JOSEPH P. VAN HEEST, LLC
                                              Post Office Box 4026
                                              402 South Decatur Street
                                              Montgomery, AL 36103-4026
                                              Phone: (334) 263-3551
                                              Fax: (334) 263-3227
                                              jpvanheestcourts@bellsouth.net
                                              AL Bar Code: VAN026