IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

FILED
NOV - 6 2007
CLERK
U. S. DISTRICT COURT
MIDDLE DIST. OF ALA.

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v.      ) | Case No.: 2:07-cr-62-MEF |
| ) | |
| **FREDERICAS JILES** ) | |

### DEFENDANT'S MOTION FOR INCLUSION OF
### THEORY OF DEFENSE INSTRUCTION AND SUPPORTING AUTHORITY

Comes now, the defendant, by and through undersigned counsel, and hereby moves the Court to include in the instructions to the jury his Theory of Defense instruction as set forth above. In support of this motion, defendant would show the following:

### Authority for a Theory of Defense Instruction

In *United States v. Ruiz*, 59 F.3d 1151 (11th Cir. 1995), the Court of Appeals held the following:

> A criminal defendant has the right to have the jury instructed on [his] theory of defense, separate and apart from instructions given on the elements of the charged offense. *United States v. Opdahl*, 930 F.2d 1530 (11th Cir. 1991); *United States v. Lively*, 803 F.2d 1124 (11th Cir. 1986). A trial court may not refuse to charge the jury on a specific defense theory where the proposed instruction presents a valid defense and where there has been some evidence adduced at trial relevant to that defense. *United States v. Middleton*, 690 F.2d 820, 826 (11th Cir. 1982), *cert. denied*, 460 U.S. 1051 (1983). The trial court is not free to determine the existence of such a defense as a matter of law. *Id.* The threshold burden is extremely low: "[T]he defendant ... is entitled to have presented instructions relating to a theory of defense for which there is *any foundation* in the evidence." *Perez v. United States*, 297 F.2d 12, 15-16 (5th Cir. 1961) (emphasis added). In deciding whether a defendant has met [his] burden, the court is obliged to view the evidence in the light most favorable to the accused. *United States v. Williams*, 728 F.2d 1402, 1404 (11th Cir. 1984).

*Id.*; *see also United States v. Terebecki*, 692 F.2d 1345, 1351 (11th Cir. 1982) ("The

defendant is entitled to have the court instruct the jury on the defense theory, 'assuming that the theory has foundation in the evidence and legal support.'" quoting *United States v. Conroy*, 589 F.2d 1258, 1273 (5th Cir.), *cert. denied*, 444 U.S. 831 (1979)).

## Application of Law To Facts

The evidence adduced at trial supports premises asserted by Mr. Jiles in his proposed theory of defense instruction. Defendant Fredericas Jiles's proposed theory of defense instruction presents a valid defense under the law and the facts elicited during the trial. Therefore, he is entitled to have the court read to the jury his proposed theory of defense instruction.

In *United States v. Jones*, 16 F.3d 478 (2d. Cir. 1994), the Second Circuit addressed the issue of proof beyond a reasonable doubt that an unidentified and unrecovered gun traveled in interstate commerce. *Id.,* at 491. Only a minimal nexus with interstate commerce must be shown and testimony that a weapon was manufactured out of state is generally sufficient to meet the standard of interstate commerce. Id. (citations omitted); *see also United States v. Scott*, 263 F.3d 1270, 1274 (11th Cir. 2001); *United States v. Dupree*, 258 F.3d 1258, 1260 (11th Cir. 2001). In *Jones*, the Second Circuit reversed the conviction under 18 U.S.C. § 922(g)(1), "[b]ecause the only evidence that the gun traveled in interstate commerce is the arbitrary inference that any gun found in New York must have been made outside of New York...." *Jones*, 16 F.3d at 492.

The evidence may be sufficient where the gun is not recovered but only if other evidence exists to support that it moved in interstate commerce. *See e.g., United States v. Cox*, 942 F.2d 1282, 1286 (8th Cir. 1991) (while the government did not produce the actual firearms in question into evidence, the evidence was sufficient to uphold conviction

2

where both eyewitness and expert testimony substantiated the interstate commerce element. The testimony of Government witnesses established that the weapons in question carried the rampant horse insignia of Colt Industries. The testimony further established that Colt does not manufacture weapons in Missouri). Here, however, the evidence of interstate commerce of the firearm was limited to the firearm reviewed by the government expert and would not permit an inference that any other make and model firearm (unrecovered and unidentified in) would necessarily have moved in interstate commerce.

## Conclusion

WHEREFORE, the facts in the instant support the proposed theory of defense instruction and the instruction should be given.

Respectfully submitted,

/s/ Joseph P. Van Heest
JOSEPH P. VAN HEEST
LAW OFFICE OF JOSEPH P. VAN HEEST, LLC
Post Office Box 4026
402 South Decatur Street
Montgomery, AL 36103-4026
Phone: (334) 263-3551
Fax: (334) 263-3227
jpvanheestcourts@bellsouth.net
AL Bar Code: VAN026

## CERTIFICATE OF SERVICE

I hereby certify that on November _6_, 2007, I filed the foregoing with the Courtroom Deputy in open court and hand delivered a copy to the following:

Kent B. Brunson, Assistant United States Attorney.

Respectfully submitted,

_____
JOSEPH P. VAN HEEST
LAW OFFICE OF JOSEPH P. VAN HEEST, LLC
Post Office Box 4026
402 South Decatur Street
Montgomery, AL 36103-4026
Phone: (334) 263-3551
Fax: (334) 263-3227
jpvanheestcourts@bellsouth.net
AL Bar Code: VAN026